# EXHIBIT A

# IN THE CIRCUIT COURT
# FOR BALTIMORE CITY, MARYLAND

| | |
|---|---|
| Tiavonde Jones<br>619 Norhurst Way<br>Catonsville MD 21228 | Case No.: C-24-CV-25-010394 |
| And | |
| Jason Foreman<br>2714 Northshire Dr.<br>Baltimore, MD 21230, | |
| Individually and on behalf of all others<br>similarly situated. | |
|         Plaintiffs, | |
|     v. | |
| HS Financial Group, LLC<br>18013 Cleveland Pkwy, Ste 170<br>Cleveland, OH 44135<br>   Serve on Resident Agent:<br>   CSC-Lawyers Incorporating Service<br>   Company, 7 St. Paul St., Ste 820, Baltimore,<br>   MD 21202 | |
| Chaplin & Pappa, P.C. d/b/a Chaplin & Gonet<br>4808 Radford Ave, Ste 100<br>Richmond, VA 23230 | |
|        Defendants. | **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

This case is about a debt collector who illegally collected hundreds of thousands of

dollars from hundreds of Maryland residents. Defendant HS Financial Group, LLC ("HS

Financial") is an Ohio-based debt collector and debt buyer. For six months, it filed

hundreds of debt collection lawsuits without a Maryland Collection Agency License, in

violation of Maryland law. HS Financial did this through the law firm Chaplin & Gonet (collectively "the Defendants"). To avoid detection, the Defendants listed a fictitious license number in hundreds of lawsuits.

Plaintiffs file this class action for Defendants' violations of the Maryland Consumer Debt Collection Act (MCDCA) Md. Code Ann., Com. L. § 14-201 *et seq* and the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA). Plaintiff also seeks to enjoin the enforcement of any judgments obtained illegally by Defendant.

Defendants violated the MCDCA by knowingly filing collection actions unlawfully without a license. Maryland law prohibits debt collectors from operating without a license. Any suit filed by such a collector is improper and any judgment obtained cannot be enforced. Any amounts obtained through the improper and unenforceable judgments must be returned.

Similarly, Defendants violated the FDCPA by misrepresenting its licensed status and its right to sue its consumer-victims.

## PARTIES

1.  Plaintiff Tiavonde Jones ("Ms. Jones") is an individual resident of Baltimore, County, Maryland.

2.  Plaintiff Jason Foreman ("Mr. Foreman") is an individual resident of Baltimore City, Maryland.

3.  Defendant HS Financial Group, LLC is an Ohio limited liability company. Its principal office is in Cleveland, Ohio, and its resident agent is CSC-Lawyers Incorporating Service Company, 7 St. Paul St., Ste 820, Baltimore, MD 21202.

4.  HS Financial purchases and collects upon defaulted consumer debts, including by

filing lawsuits in Maryland state courts.

5.   HS Financial did so without the Consumer Collection Agency License required by the Maryland Collection Agency Licensing Act (MCALA) Md. Code Ann., Bus. Reg. § 7-101 et seq.

6.   HS Financial obtained a collection agency license on June 23, 2025, but any collection actions prior to that date were unlawful.

7.   Defendant Chaplin & Papa, P.C. d/b/a Chaplin & Gonet ("C&G") is a Virginia Professional Corporation and a debt collector. Its principal office is in Richmond City, Virginia. It is not registered to do business in Maryland.

8.   C&G routinely represented HS Financial in assigned consumer debt collection actions in Maryland state courts.

## JURISDICTION

9.   This Court has jurisdiction over all legal and the equitable claims asserted herein.

10.  This Court has jurisdiction of this matter pursuant to Maryland's class action rule, (Rule 2-231) in order to facilitate the efficient management of class actions.

11.  Venue is proper in that the HS Financial and C&G file collection actions and transacts business in Baltimore City.

## FACTS
### Defendants' Unlicensed Debt Collection

12.  Md. Code Ann. Bus., Reg. § 7-401(a) prohibits any person from knowingly doing business as a collection agency without a license.

13.  A "collection agency" is "a person who engages . . . in the business of: (1) collecting

for . . . another, a consumer claim." Md. Code Ann., Bus. Reg. § 7-101(c).

14.    A consumer claim is "a claim that: (1) is for money owed or said to be owed by a resident of the State; and (2) arises from a transaction in which for a family, household, or personal purpose, the resident sought or got credit, money, personal property, real property, or services." Md. Code Ann., Bus. Reg. § 7-101(e).

15.    The Maryland Court of Appeals has directly addressed this conduct. In *LVNV Funding LLC v. Finch*, the court explained that when an unlicensed debt collector is trying to collect a debt, it is "unquestionably [] attempting to enforce a right that, *for it*, does not exist." 463 Md. 586, 612, 207 A.3d 202, 217 (2019).

16.    The court added that under the MCDCA, individuals whom an unlicensed debt collector sued can recover "'any damages,' including for emotional distress." *Id.* And when reading BR § 7-401 in conjunction with § 7-101(c), the court found that these individuals are entitled to declaratory and injunctive relief that precludes the debt collector from "taking any action to enforce those judgments." *Id.*

17.    HS Financial's assigned consumer debt collection actions are attempts to collect consumer debt, predominantly credit cards and buy-now, pay-later loans for consumer goods.

18.    Like the debt buyer in *Finch*, HS Financial is a collection agency.

19.    Acting as a collection agency, HS Financial improperly filed assigned consumer debt collection actions in Maryland courts to obtain judgments against Plaintiffs and the Class Members as defined below. The actions are improper when filed because HS Financial did not have a consumer collection agency license. Like in

*Finch*, the judgments obtained by HS Financial against Plaintiffs and Class Members are unenforceable, and efforts to enforce them can be enjoined. Any money collected on unenforceable judgments are damages.

20.     HS Financial knowingly and willfully did business as a collection agency without a collection agency license. The law plainly required it to be licensed as a collection agency. HS Financial knew they were required to be licensed, yet they failed to comply with the law.

21.     Plaintiffs and the Class were harmed when HS Financial, while operating as a debt collection agency without the required license, filed suits that led to judgments and sought to enforce the judgments.

22.     HS Financial knew that it was required to have a license under Maryland law.

23.     HS Financial held a collection agency license from May 22, 2012, to February 29, 2024, number 1126763, which it allowed to expire.

24.     HS Financial obtained a new Maryland Collection Agency license on June 23, 2025.

25.     On information and belief, HS Financial failed to tell the Maryland Collection Agency Licensing Board that it had engaged in unlicensed debt collection before its license was issued on June 23, 2025.

### Facts Related to Ms. Jones

26.     HS Financial, represented by C&G, sued Ms. Jones on May 22, 2025, in Case No. D-08-CV-25-026108, in the District Court of Maryland for Baltimore County.

27.     HS Financial claimed to be a successor in interest to Navy Federal Credit Union.

28. When HS Financial filed its collection action against Ms. Jones in May 2025, it did not possess a collection agency license.

29. In its complaint, HS Financial, through its general manager Jessica Neal, falsely represented that it held a Maryland collection agency license with the number Z14559249 that was issued on March 7, 2012.

30. The complaint and attachments alleged that Ms. Jones made a payment on the account on January 1, 2019, and that the account was charged off on June 26, 2019.

31. HS Financial filed its suit over three years later.

32. HS Financial and C&G knew that the claim against Ms. Jones was time-barred.

33. Defendants attached to the Complaint a document stating that the "Statute of Limitations Date" was January 7, 2022.

34. The complaint alleged that Ms. Jones made an additional payment on March 9, 2023. But payments after the expiry of the statute of limitations do not reset the statute. Cts. & Jud. Proc. § 5-1202(b).

35. As a direct and proximate cause of the Defendants' illegal attempt to collect on a time-barred debt, Ms. Jones experienced significant emotional distress, including:

   a)    severe anxiety;

   b)    stress;

   c)    fear;

   d)    emotional instability;

   e)    panic attacks;

f)  loss of sleep;

g)  inability to perform every day tasks;

h)  withdrawal from social interactions.

### Facts Related to Mr. Foreman

36.  HS Financial, represented by C&G, sued Plaintiff on March 9, 2025, in Case No. D-01-CV-25-013661, in the District Court of Maryland for Baltimore City.

37.  HS Financial claimed to be a successor in interest to Huntington Debt Holding, LLC, which in turn claimed to be a successor in interest to Snap RTO, LLC.

38.  Although HS Financial filed its collection action against Plaintiff on March 9, 2025, it did not yet possess a collection agency license.

39.  In its complaint, HS Financial, through its general manager Jessica Neal, falsely represented under oath that it held a Maryland collection agency license with the number Z14559249 that was issued on March 7, 2012.

40.  Mr. Foreman received notice of the lawsuit and began to get calls from debt settlement companies.

41.  Mr. Foreman ultimately paid a debt settlement business, Credit Solutions Plus, $300 to arrange a settlement with HS Financial, to avoid the risk of his wages being garnished as a result of the collection action.

42.  On June 11, 2025, Mr. Foreman entered into a Maryland Rule 3-506(B) dismissal upon stipulated terms, whereby he agreed to pay the whole debt in $100 monthly installments. The agreement also provided that if Mr. Foreman failed to pay, he consented to the entry of a judgment against him in the full amount.

43.  Mr. Foreman has to date kept the agreement and paid $100 every month, although he was forced to borrow money from relatives in order to keep up the payments.

44.  Mr. Foreman was damaged by C&G and HS Financial's wrongful collection activity in that he entered into a new, binding agreement to pay $3,716.07, of which he has paid $700 to date, and paid an additional $300 to Credit Solutions Plus to arrange the settlement.

45.  Mr. Foreman, a single father and maintenance worker, suffered emotional distress resulting from Defendants' wrongful collection activities.

46.  Upon receiving notice of the collection action, Mr. Foreman experienced acute stress and anxiety, fearing that he would be forced to uproot himself and his two school-aged children from their home.

47.  When he entered into a settlement agreement to repay the illegally sought debt, he experienced additional stress, anxiety, and fear regarding his financial situation and his family's well-being. Mr. Foreman was embarrassed when his neighbors learned of the lawsuit and his financial difficulties, and felt further embarrassment and shame when family members, particularly his mother, were compelled to lend him money for bare essentials, such as gas to commute to work. Although Mr. Foreman sought therapy to cope with these issues, the financial strain caused by Defendants' conduct rendered him unable to afford the professional help he needed, even as his bills and emotional distress continued to mount.

48.  Mr. Foreman suffered physical manifestations of emotional distress, including:

   a)    Loss of sleep;

    b)     Embarrassment;

    c)     Shame.

## Class Allegations

49.   The Class is defined as:

> All individuals against whom HS Financial filed a lawsuit in Maryland state courts at any time from January 1, 2025 to June 22, 2025.

50.   The following people are excluded from the class:

   a.  employees or independent contractors of the Defendant;

   b.  relatives of employees and independent contractors of the Defendant;

   c.  employees of the Court where this action is pending.

51.   The Members of the Class are ascertainable. The Class Members are readily identifiable from the information and records in the possession or control of HS Financial and C&G and from public court records.

52.   The Members of the Class are sufficiently numerous that individual joinder of all members is impractical. In the class period, HS Financial filed at least 249 collection actions. In these cases, there are 211 unique addresses, indicating at least 211 members of the class.

53.   HS Financial obtained judgments with a face value of over $700,000.00 in the class period, entered into at least 36 stipulations of dismissal, and obtained writs of garnishment in at least 32 cases.

54.   There are questions of law and fact common to the Class Members which

predominate over any questions affecting only individual members and, in fact, the wrongs alleged against HS Financial by the Class Members and the remedies sought by Plaintiff and the Class Members against HS Financial are identical, the only difference being the exact monetary sum which each Class Member is entitled to receive from Defendants. The common issues of Fact and Law include, but are not limited to:

a) Whether HS Financial acted as a collection agency in the State of Maryland;

b) Whether HS Financial was licensed to act as a collection agency in Maryland;

c) Whether HS Financial threatened or took actions that it had no right to take under state law.

d) Whether HS Financial knew or should have known that its actions in filing collection lawsuits without a license were prohibited by law.

e) Whether HS Financial made false and misleading statements in its collection actions.

f) The amount of statutory damages due from HS Financial to Class Members

55.    Plaintiffs' legal and equitable claims are typical and the same or identical for each Class Member they represent and will be based on the same legal and factual theories.

56.    HS Financial's defenses would be typical and the same or identical for each Class Member and will be based on the same legal and factual theories.

57.    Named Plaintiffs' claims are typical of the claims of the Class Members they seek to represent.

58.    Named Plaintiffs will fairly and adequately protect the interests of all Class Members whom they represent in the prosecution of this action. Named Plaintiffs

are similarly situated with, and have suffered similar injuries as, the Class Members Named Plaintiffs seek to represent. Named Plaintiffs feel that they have been wronged, wish to obtain redress for the wrong, and want Defendants to be stopped from enriching themselves from illegal activities or otherwise perpetrating similar wrongs on others.

59.    To that end, the Named Plaintiffs have retained counsel experienced in handling class action suits involving unfair or deceptive business practices that harm consumers.    Further, Plaintiffs' counsel has represented similar classes of consumers against other unlicensed debt collectors.

60.    Certification of a Class under Rule 2-231(c)(2) is appropriate because Defendant, by acting as a collection agency without a license, has acted on grounds generally applicable to the class, making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

61.    Certification of a Class under (c)(3) is appropriate as to the Class Members in that common questions predominate over any individual questions and a class action is superior for the fair and efficient adjudication of this controversy. A class action will cause an orderly and expeditious administration of the Class Members' claims, and economies of time, effort and expenses will be fostered and uniformity of decisions will be insured.

62.    The only individual questions concern the identification of Class Members and the damages they sustained. This information can be determined by a ministerial examination of public records in various courthouses or from the Defendant's business records or other sources, which are admissible as an exception to the

hearsay rule and as a statement by a party.

63. The Class Members have suffered damages, losses, and harm similar to those sustained by the Plaintiff and described above.

64. The amount in controversy for each of the counts listed below is in excess of $75,000 and is subject to further discovery as to the size of the class.

### COUNT I.   Maryland Consumer Debt Collection Act, Md. Code Ann. ("MCDCA"), Com. L. § 14-201 et seq. (CLASS against HS Financial Only)

65. Plaintiffs incorporate the foregoing allegations.

66. HS Financial engaged in the business of collecting consumer debts, and in the course of that business, filed lawsuits against the Plaintiff and Class Members when it was not licensed to act as a collection agency.

67. HS Financial violated the MCDCA in numerous ways when it attempted to collect consumer debts in Maryland without a license.

68. HS Financial violated the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law § 14-201 et seq. (MCDCA) by acting as a debt collector without a license. In particular, Defendant violated Md. Code Ann., Com. Law § 14-202(8), which prohibits a debt collector from making any "[c]laim, attempt, or threaten to enforce a right with knowledge that the right does not exist."

69. HS Financial filed collection cases, which, in consequence of its failure to be licensed under MCALA, it had no right to file. it knew or should have known that it required a license to file such cases. HS Financial thus violated § 14-202(8).

70.    HS Financial also violated § 14-202(10) by engaging in unlicensed debt collection activity.

71.    HS Financial also violated § 14-202(11) by engaging in conduct that would violate the substantive provisions of the Fair Debt Collection Practices, as set out in Count III below.

72.    By filing collection actions on behalf of HS Financial, C&G violated the MCDCA in numerous ways.

73.    The lawsuits initiated and participated in by HS Financial against the Named Plaintiffs and Class Members concerned "real or personal property, services, money, or credit for personal, family, or household purposes."  Md. Code Ann., Com. Law § 14-201(b).

74.    Named Plaintiffs and the Class were damaged as described above.

**WHEREFORE** Plaintiffs and the Class therefore ask the court to:

A.    Certify this case as a class action with the Plaintiffs as class representatives and Plaintiffs' attorneys as counsel on behalf of the Class Members described herein;

B.    Grant a money judgment in favor of the Plaintiffs and the Class Members in an amount in excess of $75,000 as determined by a jury, for violations of the MCDCA in such amount in excess of $75,000 as to be determined by a jury at trial for all amounts collected by the Defendants from the Plaintiffs and Class.

C.    Provide such other or further relief as the Court deems appropriate.


**COUNT II.  Maryland Consumer Protection Act, Md. Code Ann., Com. L. §**

**13-101 et seq (CLASS against HS Financial Only)**

75.   Plaintiff repeats the foregoing allegations as though fully set forth here.

76.   The HS Financial's actions in violation of the MCDCA also constitute a per se violation of the Maryland Consumer Protection Act Md. Code Ann., Comm. Law § 13-101, et seq. (MCPA) under Md. Code Ann., Com. Law § 13-301(14)(iii).

77.   HS Financial violated § 13-301(1) by using false or misleading written statements or representations with the capacity, tendency or effect of deceiving or misleading consumers, in that it's assigned consumer debt collection filings purported to be legitimate, when they were not, by reason of its lack of the mandatory debt collection license.

78.   HS Financial violated § 13-301(3) by filing to state a material fact if the failure deceives or tends to deceive, in that it failed to disclose on its assigned consumer debt collection that it lacked the mandatory debt collection license.

79.   Named Plaintiff and the Class were damaged as described above.

**WHEREFORE** Plaintiffs and Class ask the court to:

A.   Certify this case as a class action with the Plaintiffs as class representatives and Plaintiffs' attorneys as counsel on behalf of the Class Members described herein;

B.   Grant a money judgment in favor of the Plaintiffs and the Class Members in an amount in excess of $75,000 as determined by a jury, for violations of the MCDCA in such amount in excess of $75,000 as to be determined by a jury at trial for all amounts collected by the Defendant from the Plaintiffs and Class.

C.   Award reasonable attorney's fees, litigation expenses and costs pursuant to Md.

Code Ann., Com. Law § 13-408; and

D. Provide such other or further relief as the Court deems appropriate.

## COUNT III.    DECLARATORY JUDGMENT (CLASS) (HS Financial Only)

80. Plaintiffs incorporate the foregoing allegations.

81. Plaintiffs seek a declaration, individually and on behalf of the Plaintiff Class Members that the judgments obtained by HS Financial are unenforceable since HS Financial had no legal right to file the actions or obtain the judgments. HS Financial has no right to any amounts obtained in connection with the filing of lawsuits.

82. HS Financial should be enjoined from attempting to collect on any judgments obtained by HS Financial against Plaintiff Class Members initiated by complaints it filed when it did not have a license.

**WHEREFORE**, Plaintiffs and Class Members ask the Court to:

A. Certify this case as a class action with the Plaintiffs as class representatives and Plaintiffs' attorneys as counsel on behalf of the Plaintiff Class Members described herein;

B. Order appropriate declaratory and injunctive relief against HS Financial to prevent further violations of law or providing benefits to HS Financial from its illegal activities, including a preliminary and permanent injunction;

C. Order the Defendant to disgorge all amounts collected from Plaintiff Class Members based upon the lawsuits filed, as well as any judgments entered

improperly against Plaintiff Class Members when HS Financial acted as a collection agency without a license, along with prejudgment interest on any amounts awarded to Plaintiff Class Members;

D. Award reasonable attorney's fees, litigation expenses and costs;

E. Order appropriate declaratory relief; and

F. Provide such other or further relief as the Court deems appropriate.

## COUNT IV. Fair Debt Collection Practices Act 15 U.S.C. § 1692a et seq. (CLASS against HS Financial Only)

83.   Plaintiff incorporates the allegations contained in the foregoing paragraphs.

84.   At all material times herein, Plaintiff was a "consumer" as defined by the FDCPA, 15 U.S.C.A. § 1692a(3).

85.   At all material times herein, Plaintiff's debt was a consumer debt as defined by the FDCPA, 15 U.S.C.A. § 1692a(5) because it was an "alleged obligation . . . to pay money arising out of a transaction . . . primarily for personal, family or household purposes."

86.   At all material times, HS Financial was a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it was a business "the principal purpose of which is the collection of any debts."

87.   Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the alleged debt, specifically representing that it had a right to sue on those debts in Maryland.

88.   Defendants violated 15 U.S.C. § 1692e(5) by taking or threatening to take action that could not legally be taken, specifically representing that it had a right to sue

on those debts in Maryland.

89.   Defendants violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to attempt to collect a debt or obtain information concerning a consumer, specifically representing that it had a right to sue on those debts in Maryland.

90.   Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect a debt, specifically by illegally filing debt collection lawsuits in Maryland state court when prohibited from doing so by Maryland law.

91.   Defendants' false representations were material because they were of a type that would be important to a consumer in deciding how to respond to Defendant's collection efforts: it would obviously be important to a consumer whether the collector that sued them had a legal right to sue.

**WHEREFORE** Plaintiffs and Class ask the court to:

A.  Certify this case as a class action with the Plaintiffs as class representatives and Plaintiffs' attorneys as counsel on behalf of the Class Members described herein;

B.  Grant a money judgment in favor of the Plaintiffs and the Class Members in an amount in excess of $75,000 as determined by a jury, for violations of the MCDCA in such amount in excess of $75,000 as to be determined by a jury at trial for all amounts collected by the Defendant from the Plaintiffs and Class.

C.  Grant a money judgment in favor of the Plaintiffs and the Class Members for statutory damages of $1,000 per Class member.

D.  Award reasonable attorney's fees, litigation expenses and costs pursuant to Md.

Code Ann., Com. Law § 13-408; and

E.  Provide such other or further relief as the Court deems appropriate.

## COUNT V.  MCDCA (Individual, Ms. Jones only)

92.  Plaintiff Ms. Jones incorporate the foregoing allegations.

93.  HS Financial and C&G violated the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law § 14-201 *et seq.* (MCDCA) by suing Ms. Jones to collect a debt beyond the statute of limitations.

94.  In particular, Defendant violated Md. Code Ann., Com. Law § 14-202(8), which prohibits a debt collector from making any "[c]laim, attempt, or threaten to enforce a right with knowledge that the right does not exist."

95.  HS Financial also violated § 14-202(11) by engaging in conduct that would violate the provisions of 15 U.S.C. § 1692b-j, particularly, using misleading means in an attempt to collect a debt, threatening or attempting to take actions not permitted by law and misrepresenting the legal status of a debt.

96.  HS Financial, through C&G, sued Ms. Jones for a debt that arose from "real or personal property, services, money, or credit for personal, family, or household purposes."  Md. Code Ann., Com. Law § 14-201(b).

97.  HS Financial through C&G sued Ms. Jones on May 22, 2025, but the debt was alleged to be in default around February 2019 , and the last payment before the statute of limitations expired was made on January 7, 2019 .

98.  HS Financial and C&G knew that the debt was statute barred because both had the underlying information that showed this was so, and HS Financial even calculated

the statute of limitations date to be January 7, 2022, and attached a statement to that effect to the Complaint filed against Plaintiff.

99.     Plaintiff was damaged by HS Financial and C&G's improper lawsuit in that she suffered emotional distress and was forced to spend time arguing with HS Financial and its attorneys in order to stop its wrongful collection activity.

**WHEREFORE** Plaintiff asks the court to:

A. Award Plaintiff actual damages in an amount to be determined by a jury, in excess of $75,000.00

B. Award Plaintiff the costs of this action.

C. Any other just relief.


## COUNT VI. MCPA (Individual, Ms. Jones Only)

100.    Plaintiff repeats the foregoing allegations as though fully set forth here.

101.    The Defendants actions in violation of the MCDCA also constitute a per se violation of the Maryland Consumer Protection Act Md. Code Ann., Comm. Law § 13-101, et seq. (MCPA) under Md. Code Ann., Com. Law § 13-301(14)(iii).

102.    Plaintiff was damaged as described above.

**WHEREFORE** Plaintiff asks the court to:

A. Award Plaintiff actual damages in an amount to be determined by a jury, in excess of $75,000.00

B. Award Plaintiff reasonable attorneys fees.

C. Award Plaintiff the costs of this action.

D. Any other just relief.

## COUNT VII.        MCDCA (Individual, Mr. Foreman against C&G only)

103.    Plaintiff Foreman incorporate the foregoing allegations.

104.    C&G violated the Maryland Consumer Debt Collection Act, Md. Code Ann., Com.
Law § 14-201 *et seq.* (MCDCA) by suing Mr. Foreman to collect a debt on behalf of
HS Financial, when HS Financial did not have the right to file a lawsuit due to its
lack of a Collection Agency License.

105.    In particular, C&G violated Md. Code Ann., Com. Law § 14-202(8), which prohibits
a debt collector from making any "[c]laim, attempt, or threaten to enforce a right
with knowledge that the right does not exist."

106.    C&G violated § 14-202(8) by filing collection lawsuits that it knew or should have
known HS Financial had no right to file. It is completely clear law in Maryland,
that a debt buyer cannot file a collection lawsuit without a collection agency license.
Anyone can search licensed entities through a public website. Also, the fictitious
license number included in the suits (Z14559249) does not resemble Maryland
licence numbers, which do not contain letters. C&G thus knew or should have
known that filing the collection lawsuits was prohibited by law.

107.    C&G also violated § 14-202(11) by engaging in conduct that would violate the
provisions of 15 U.S.C. § 1692b-j, particularly, using misleading means in an
attempt to collect a debt, threatening or attempting to take actions not permitted
by law and misrepresenting the legal status of a debt.

108.    C&G, sued Mr. Foreman, on behalf of HS Financialfor a debt that arose from "real
or personal property, services, money, or credit for personal, family, or household
purposes." Md. Code Ann., Com. Law § 14-201(b).

109.    C&G knew or should have known that HS Financial had no right to file a collection
action against Mr. Foreman due to its unlicensed status.

110.    Plaintiff was damaged by C&G's improper lawsuit in that he suffered emotional
distress and spent money out of pocket in order to stop its wrongful collection
activity.

**WHEREFORE** Plaintiff asks the court to:

A. Award Plaintiff actual damages in an amount to be determined by a jury, in
excess of $75,000.00

B. Award Plaintiff the costs of this action.

C. Any other just relief.

## COUNT VIII.        MCPA (Individual, Mr. Foreman against C&G only)

111.    Plaintiff repeats the foregoing allegations as though fully set forth here.

112.    The C&G's actions in violation of the MCDCA also constitute a per se violation of
the Maryland Consumer Protection Act Md. Code Ann., Comm. Law § 13-101, et
seq. (MCPA) under Md. Code Ann., Com. Law § 13-301(14)(iii).

113.    Plaintiff was damaged as described above.

**WHEREFORE** Plaintiff asks the court to:

A. Award Plaintiff actual damages in an amount to be determined by a jury, in
excess of $75,000.00

B. Award Plaintiff reasonable attorneys fees.

C. Award Plaintiff the costs of this action.

D.  Any other just relief.


## Notice of Claim for Attorneys' Fees Allowed By Law

114.    Pursuant to Rule 2-703(b) the Plaintiffs include this separately numbered claim for attorney's fees in this initial pleading.   Further, pursuant to Rule 2-703(d), the Plaintiffs advise the court and the Defendants that they believe that this case is likely to result in a substantial claim for attorneys' fees for services over a significant period of time.


Respectfully submitted,

Dated: December 17, 2025


By: _/s/ Emanwel J. Turnbull_____
    Emanwel J. Turnbull
    CPF# 1606210269
    THE HOLLAND LAW FIRM, P.C.
    914 Bay Ridge Rd, Ste 230
    Annapolis, MD 21403
    Telephone: (410) 280-6133
    Facsimile: (410) 280-8650
    eturnbull@hollandlawfirm.com

    Angel E. Reyes
    CPF# 2507211007
    Power to the People Law PLLC
    1601 Connecticut Ave NW, Suite 800
    Washington, DC 20009
    Telephone: (202) 952-3200
    Angel@powertothepeoplelaw.com


    *Counsel for Plaintiffs*

## **JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.


Dated: December 17, 2025

By:  _/s/ Emanwel J. Turnbull_
Emanwel J. Turnbull
CPF# 1606210269
THE HOLLAND LAW FIRM, P.C.
914 Bay Ridge Rd, Ste 230
Annapolis, MD 21403
Telephone: (410) 280-6133
Facsimile: (410) 280-8650
eturnbull@hollandlawfirm.com

*Counsel for Plaintiff*

CIVIL DIVISION
111 N. Calvert Street
Baltimore, Maryland 21202
Main: 410-333-3733
Civil: 410-333-3722
Criminal: 410-333-3750
Family: 410-333-3709/3738
Juvenile: 443-263-6300

**To:** CHAPLIN & PAPPA, P.C. D/B/A CHAPLIN & GONET
4808 RADFORD AVE, STE 100
RICHMOND, VA 23230

|  |  |
|---|---|
| **Case Number:** | C-24-CV-25-010394 |
| **Other Reference Number(s):** |  |
| **Child Support Enforcement Number:** |  |

**TIAVONDE JONES, ET AL. VS. HS FINANCIAL GROUP, LLC, ET AL.**

Issue Date: 12/18/2025

## WRIT OF SUMMONS

You are summoned to file a written response by pleading or motion, within 60 days after service of this summons upon you, in this court, to the attached complaint filed by:

TIAVONDE JONES; JASON FOREMAN
619 Norhurst Way
Catonsville, MD  21228; 2714 Northshire Drive
Baltimore, MD  21230

This summons is effective for service only if served within 60 days after the date it is issued.

Xavier A. Conaway
Clerk of the Circuit Court

To the person summoned:
Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
Personal attendance in court on the day named is NOT required.
It is your responsibility to ensure that the court has your current and correct mailing address in order to receive subsequent filings and notice in this case.

Instructions for Service:

1. This summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.

**Circuit Court for Baltimore City**

**Tiavonde Jones, et al. vs. HS Financial Group, LLC, et al.**    **Case Number: C-24-CV-25-010394**

2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.

3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.

4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

**Circuit Court for Baltimore City**

Tiavonde Jones, et al. vs. HS Financial Group, LLC, et al.    Case Number: C-24-CV-25-010394

## SHERIFF'S RETURN
**(please print)**

To:  CHAPLIN & PAPPA, P.C. D/B/A CHAPLIN & GONET

_____ ID# _____ of the _____
Serving Sheriff's Name

County Sheriff's office present to the court that I:

(1) Served _____
                                    Name of person served

on _____ at _____
           Date of service                                    Location of service

_____ by _____ with the following:
                                         Manner of service

- ☐ Summons
- ☐ Complaint
- ☐ Motions
- ☐ Petition and Show Cause Order
- ☐ Other

- ☐ Counter-Complaint
- ☐ Domestic Case Information Report
- ☐ Financial Statement
- ☐ Interrogatories

_____
Please specify

(2) Was unable to serve because:
- ☐ Moved left no forwarding address
- ☐ Address not in jurisdiction

- ☐ No such address
- ☐ Other _____
                          Please specify

Sheriff fee: $ _____    ☐ waived by _____

_____    _____
           Date                              Signature of serving Sheriff

Instructions to Sheriff's Office or Private Process Server:
1. This Summons is effective for service only if served within 60 days after the date issued. If it is not served within 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

IN THE CIRCUIT COURT FOR Baltimore City (CC)
_____
City/County

## CIVIL – NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS
*Plaintiff:* This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Justice of the Supreme Court of Maryland pursuant to Rule 2-111(a). *Defendant:* You must file an Information Report as required by Rule 2-323(h).
***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

FORM FILED BY: ☒ PLAINTIFF ☐ DEFENDANT    CASE NUMBER C-24-CV-25-010394
(Clerk to insert)

CASE NAME: Tiavonde Jones et al    vs.    HS Financial Group, LLC et al
_____            _____
Plaintiff                                 Defendant

PARTY'S NAME:_____ PHONE:_____

PARTY'S ADDRESS:_____

PARTY'S E-MAIL:_____

If represented by an attorney:
PARTY'S ATTORNEY'S NAME: Emanwel J. Turnbull    PHONE: 410-280-6133

PARTY'S ATTORNEY'S ADDRESS: 914 Bay Ridge Rd, Ste 230, Annapolis, MD 21403

PARTY'S ATTORNEY'S E-MAIL: eturnbull@hollandlawfirm.com

JURY DEMAND? ☒ Yes ☐ No

RELATED CASE PENDING? ☐ Yes ☒ No If yes, Case #(s), if known:_____

ANTICIPATED LENGTH OF TRIAL?:_____ hours 4 _____ days

### PLEADING TYPE
New Case:    ☒ Original    ☐ Administrative Appeal    ☐ Appeal
Existing Case: ☐ Post-Judgment    ☐ Amendment
*If filing in an existing case, skip Case Category/Subcategory section – go to Relief section.*

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)

**TORTS**
☐ Asbestos
☐ Assault and Battery
☐ Business and Commercial
☐ Conspiracy
☐ Conversion
☐ Defamation
☐ False Arrest/Imprisonment
☐ Fraud
☐ Lead Paint – DOB of Youngest Plt:____
☐ Loss of Consortium
☐ Malicious Prosecution
☐ Malpractice-Medical
☐ Malpractice-Professional
☒ Misrepresentation
☐ Motor Tort
☐ Negligence
☐ Nuisance
☐ Premises Liability
☐ Product Liability
☐ Specific Performance
☐ Toxic Tort
☐ Trespass
☐ Wrongful Death

**CONTRACT**
☐ Asbestos
☐ Breach
☐ Business and Commercial
☐ Confessed Judgment (Cont'd)
☐ Construction
☐ Debt
☐ Fraud

☐ Government
☐ Insurance
☐ Product Liability
**PROPERTY**
☐ Adverse Possession
☐ Breach of Lease
☐ Detinue
☐ Distress/Distrain
☐ Ejectment
☐ Forcible Entry/Detainer
☐ Foreclosure
  ☐ Commercial
  ☐ Residential
  ☐ Currency or Vehicle
  ☐ Deed of Trust
  ☐ Land Installments
  ☐ Lien
  ☐ Mortgage
  ☐ Right of Redemption
  ☐ Statement Condo
☐ Forfeiture of Property/ Personal Item
☐ Fraudulent Conveyance
☐ Landlord-Tenant
☐ Lis Pendens
☐ Mechanic's Lien
☐ Ownership
☐ Partition/Sale in Lieu
☐ Quiet Title
☐ Rent Escrow
☐ Return of Seized Property
☐ Right of Redemption
☐ Tenant Holding Over

**PUBLIC LAW**
☐ Attorney Grievance
☐ Bond Forfeiture Remission
☐ Civil Rights
☐ County/Mncpl Code/Ord
☐ Election Law
☐ Eminent Domain/Condemn.
☐ Environment
☐ Error Coram Nobis
☐ Habeas Corpus
☐ Mandamus
☐ Prisoner Rights
☐ Public Info. Act Records
☐ Quarantine/Isolation
☐ Writ of Certiorari
**EMPLOYMENT**
☐ ADA
☐ Conspiracy
☐ EEO/HR
☐ FLSA
☐ FMLA
☐ Worker's Compensation
☐ Wrongful Termination
**INDEPENDENT PROCEEDINGS**
☐ Assumption of Jurisdiction
☐ Authorized Sale
☐ Attorney Appointment
☐ Body Attachment Issuance
☐ Commission Issuance

☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. – Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Removal
☐ Witness Appearance-Compel
**PEACE ORDER**
☐ Peace Order
**EQUITY**
☐ Declaratory Judgment
☐ Equitable Relief
☐ Injunctive Relief
☐ Mandamus
**OTHER**
☐ Accounting
☐ Friendly Suit
☐ Grantor in Possession
☐ Maryland Insurance Administration
☐ Miscellaneous
☐ Specific Transaction
☐ Structured Settlements

CC-DCM-002 (Rev. 09/2025)    Page 1 of 3

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

| | | | |
|---|---|---|---|
| ☐ Abatement | ☐ Earnings Withholding | ☐ Judgment-Default | ☐ Reinstatement of Employment |
| ☐ Administrative Action | ☐ Enrollment | ☐ Judgment-Interest | ☐ Return of Property |
| ☐ Appointment of Receiver | ☐ Expungement | ☐ Judgment-Summary | ☐ Sale of Property |
| ☐ Arbitration | ☐ Financial Exploitation | ☒ Liability | ☐ Specific Performance |
| ☐ Asset Determination | ☐ Findings of Fact | ☐ Oral Examination | ☐ Writ-Error Coram Nobis |
| ☐ Attachment b/f Judgment | ☐ Foreclosure | ☐ Order | ☐ Writ-Execution |
| ☐ Cease & Desist Order | ☒ Injunction | ☐ Ownership of Property | ☐ Writ-Garnish Property |
| ☐ Condemn Bldg | ☐ Judgment-Affidavit | ☐ Partition of Property | ☐ Writ-Garnish Wages |
| ☐ Contempt | ☒ Judgment-Attorney Fees | ☐ Peace Order | ☐ Writ-Habeas Corpus |
| ☒ Court Costs/Fees | ☐ Judgment-Confessed | ☐ Possession | ☐ Writ-Mandamus |
| ☒ Damages-Compensatory | ☐ Judgment-Consent | ☐ Production of Records | ☐ Writ-Possession |
| ☐ Damages-Punitive | ☒ Judgment-Declaratory | ☐ Quarantine/Isolation Order | |

*If you indicated **Liability** above,* mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.    ☐ Liability is not conceded, but is not seriously in dispute.    ☐ Liability is seriously in dispute.

## MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000        ☐ $10,000 - $30,000        ☐ $30,000 - $100,000        ☒ Over $100,000

☐ Medical Bills $_____    ☐ Wage Loss $_____    ☐ Property Damages $_____

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
A. Mediation        ☒ Yes ☐ No        C. Settlement Conference    ☒ Yes ☐ No
B. Arbitration      ☐ Yes ☒ No        D. Neutral Evaluation        ☐ Yes ☒ No

## SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

## ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL**.*
### *(Case will be tracked accordingly)*

☐ 1/2 day of trial or less        ☐ 3 days of trial time
☐ 1 day of trial time             ☐ More than 3 days of trial time
☐ 2 days of trial time

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

***For all jurisdictions,*** *if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited** - Trial within 7 months of        ☐ **Standard** - Trial within 18 months of
Defendant's response                              Defendant's response

EMERGENCY RELIEF REQUESTED

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ **Expedited** - Trial within 7 months of Defendant's response

☐ **Standard** - Trial within 18 months of Defendant's response

### IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | |
|---|---|
| ☐ Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ Civil-Short | Trial 210 days from first answer. |
| ☒ Civil-Standard | Trial 360 days from first answer. |
| ☐ Custom | Scheduling order entered by individual judge. |
| ☐ Asbestos | Special scheduling order. |
| ☐ Lead Paint | Fill in: Birth Date of youngest plaintiff _____. |
| ☐ Tax Sale Foreclosures | Special scheduling order. |
| ☐ Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| ☐ | Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ | Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ | Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ | Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

| | |
|---|---|
| 12/17/2025 <br> Date | /s/ Emanwel J. Turnbull      1606210269 <br> Signature of Attorney/Party      Attorney Number |
| 914 Bay Ridge Rd, Ste 230 <br> Street Address | Emanwel J. Turnbull <br> Printed Name |
| Annapolis      MD      21403 <br> City      State      Zip Code | eturnbull@hollandlawfirm.com <br> E-mail |